BUTTERFIELD ET AL. V. POLLOCK ET AL.

1. **Highway**: NOTICE: SUFFICIENCY OF. A mistake in the notice and petition for the establishment of a highway, respecting the proposed location thereof, will defeat the jurisdiction of the board of supervisors to establish the highway, if the mistake be of such a character that a person would not readily discover it. In considering the sufficiency of the notice, extrinsic facts are not admissible to explain it.

*Appeal from Clinton District Court.*

THURSDAY, DECEMBER 14.

THE plaintiffs aver in their petition in substance that on the 8th day of December, 1873, an order was made by the county auditor establishing a certain county road, as follows, to-wit: Beginning 20 ch. w. of the ne. corner of section 31, thence 10 ch. to margin of slough, thence in a semi-circle on the n. margin of said slough until it intersects Davenport road, thence following said Davenport road until it intersects section line between sections 30 and 31, thence w. along n. side of said line 46 ch. and 50 lks. to a stake, thence n. 58° w. 4 ch., thence s. 56° w. crossing the creek back to said line, thence west until it intersects a road running north and south near a school-house; that on the 16th day of March, 1874, he directed the supervisor of the road district in which said road is situated to open said road as a public highway, and mark the same as such, as required by law; that said road, as established, passes through the premises of said plaintiffs, as appears marked on a plat of said road attached, marked "Exhibit A."; that said road, as laid out and established, is illegal, and the proceedings had in the establishment of the same null and void, for the following reason:

That on the 2d day of June, 1873, a petition, signed by Lot G. Carr and others, was filed in the office of the said auditor asking the said auditor and the board of supervisors of said county to locate a road over the following route, to-wit:—Beginning at the southwest corner of section 30, in township 81 north, range 4 east of the 5th P. M., and running thence

west on the section line of said section 30 about forty rods to the margin of the slough, and thence on the north margin of the slough in a semi-circle to intersect on said section line at or near the southeast corner of the southwest quarter of said section 30, and running from thence west on said section line and on the section line of section 25 in township 81 north, range 3 east of the 5th P. M., in a straight line east and west to a point intersecting a road running north and south at or near the southwest corner of the southeast quarter of said section 25; "said petition asking that a commissioner be appointed to view the proposed route. A copy of said petition is attached, marked "Exhibit B."

The plaintiffs further show in their petition that the notice of the presentation of the said petition for a road was in the following words:

"Notice is hereby given, that a petition will be presented to the Auditor of Clinton county, Iowa, on the 2d day of June, A. D. 1873, asking the said auditor and the board of supervisors of said county for the establishment of a road over the following route, to-wit: Beginning at the southwest corner of section 30, in township 81 north, range 4 east of the 5th P. M., and running thence west, on the section line of said section 30, about forty rods to the margin of the slough, and thence on the north margin of the slough in a semi-circle to intersect on said section line at or near the southeast corner of the southwest quarter of said section 30, and running from thence west on said section line and on the section line of section 25, in township 81 north, range 3 east of the 5th P. M., in a straight line east and west to a point intersecting a road running north and south at or near the southwest corner of the southeast quarter of said section 25.

L. G. CARR, Applicant."

The plaintiffs further show that a commissioner was appointed, and that he recommended that a road be established by description the same as that set out first above, and according to which the plaintiffs aver that the road was established.

They further show that the defendant, John Pollock, as

county auditor, has directed the road to be opened, and they pray that a writ of *certiorari* be issued commanding the defendant to certify fully to this court a transcript of the records and proceedings in reference to the establishment of said road, and that said proceedings be annulled and held void and of no effect.

A writ of *certiorari* was issued, and the defendant made return thereon, setting out among other things the road petition and road notice.

The District Court held that the petition and notice failed to give a sufficient description of the proposed road; that the road therefore was illegally established, and that the action of the board of supervisors in establishing it was a nullity. Judgment for plaintiffs. Defendants appeal:

*Kirke W. Wheeler*, for appellant.

*Merrill & Howat*, for appellees.

ADAMS, J.—The road petition and road notice described the road as commencing at the southwest corner of section 30, and running thence west. The road as located com-

1. HIGHWAY: notice: sufficiency of.

mences near the southeast corner of section 30, and runs thence west. The word *southwest* was used where *southeast* was intended. This appears on the face of the petition and notice. But this does not become apparent without a more careful examination, we think, than any person ordinarily in reading the notice posted would give it. The question then is: Shall such a notice be regarded as sufficient to meet the requirements of the law? If a person upon reading the notice would not ordinarily discover the mistake and substitute the word *southeast* for *southwest* and thereby make out the true proposed location, then the notice did not fulfill the purpose of a notice, and must be treated as a nullity.

It may be that persons acquainted with the location of the slough, and with the topography of the neighborhood, would readily discover the mistake, but we cannot presume as a matter of law that the persons affected by the establishment of the road have such acquaintance. In considering the suf-

ficiency of the notice we must look to that alone. We cannot regard it as helped out by extrinsic facts. It follows that the board of supervisors acquired no jurisdiction, and no road was established.

AFFIRMED.